UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRETCHEN LEWIS<br>       Plaintiff,<br>v.<br><br>IC SYSTEM, INC.<br>       Defendant. | Civil Action No. _____<br><br><br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

**COMPLAINT**

**I.    INTRODUCTION**

1.    This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practice Act, 15 U.S.C. §1692 ("FDCPA").

2.    The FDCPA prohibits debt collectors from engaging in unfair or unconscionable practices in the collection of a consumer debt.

3.    Defendant is subject to strict liability for sending a collection letter that exposes personal identifying information visibly on the envelope placed into the mails.

**II.    JURISDICTION**

4.    Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §§1331 and 1337.

5.    Venue is proper as defendant regularly does business in this district and has caused harm in this district.

## III.    PARTIES

6.    Plaintiff, Gretchen Lewis ("Plaintiff" or "Lewis"), is a natural person who resides at 2652 S. 67th Street, Philadelphia, PA 19142, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.    Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

8.    Defendant, IC System, Inc. ("Defendant" or "ICS") is, upon information and belief, a for-profit corporation existing pursuant to the laws of the State of Minnesota. According to the records of the Minnesota Department of Commerce, Defendant's principal address is 444 E HWY 96, PO BOX 6444, ST PAUL, MN 55164. See Exhibit "A".

9.    Defendant is a consumer debt collector as defined under 15 U.S.C. §1692(a)(6) of the FDCPA and sought to collect a consumer debt from Plaintiff.

10.    Defendant acted by and through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    STATEMENT OF CLAIM

11.    On or about June 30, 2014, Defendant ICS mailed a collection notice to Plaintiff in an attempt to collect a consumer debt alleged due. A copy of the June 30, 2014, letter is attached hereto as Exhibit "B".

12.    The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes and was thus a consumer debt.

2

13.     The collection letter was mailed by ICS to Plaintiff in a window envelope.

14.     Visible through the glassine window of the envelope placed into the mails was the account number that Defendant assigned to Plaintiff's account.

15.     The account number (ending in 0419) constitutes personal identifying information.

16.     The FDCPA prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt, including the use of any language or symbol other than the debt collector's name and address on any envelope when communicating with a consumer by mail. 15 U.S.C. Section 1692f(8).

17.     The account number is a piece of information capable of identifying Lewis as a debtor, and its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address.

18.     The disclosure of an account number implicates privacy concerns under the FDCPA, 15 U.S.C. Section 1692(a).

19.     The disclosure of Plaintiff's account number on the face of the envelope violated Section 1692(f)(8). See <u>Douglass, et al. v. Convergent Outsourcing</u>, 765 F.3d 299 (3rd Cir. 2014).

<u>COUNT I</u>
<u>(FAIR DEBT COLLECTION PRACTICES ACT)</u>

20.     Plaintiff incorporates by reference paragraphs 1 through 19 of this Complaint as fully set forth herein.

21.     Defendant's acts described above violated the Fair Debt Collection Practices Act by the use of language or a symbol on any envelope when communicating with a consumer by mail, in violation of 15 U.S.C. § 1692f(8).

22.    As a direct and proximate result of Defendant's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

23.    As a direct and proximate result of Defendant's illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses.

**WHEREFORE**, Plaintiff, Gretchen Lewis, prays that judgment be entered against Defendant IC System, Inc. for the following:

(a)    Actual Damages;

(b)    Statutory Damages;

(c)    Attorney's fees and costs; and

(d)    Such other and further relief that the Court deems just and proper.

## V.    <u>**JURY DEMAND**</u>

Pursuant to Fed.R.Civ.P. 38, Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted:

Date: 06/20/2015

/s/ Stephen M. Dunne
STEPHEN M. DUNNE
Attorney ID# 208838
Attorney for Plaintiff
Dunne Law Offices, P.C.
1515 Market Street, Suite. 1200
Philadelphia, PA 19102
Phone: (215) 551-7109
Fax: (215) 525-9721
Email: stephen@dunnelawoffices.com